The opinion of the court was delivered by
Tilghman, C. J.
At common law the action abated by the death . of either party. By the act of 13th of April, 1791, sect. 8, (3 Sm. L. 28,) in case of the death of either party before final judgment, the action does not abate, “ if the cause of action does by law surviveBut this'does not help the plaintiff, because the cause *32 of action in this case does not by law survive. The counsel for the plaintiff rely on the act regulating arbitrations, by the tenth section of which, the award of the arbitrators has the effect of a judgment against the defendant, and is a lien on his real estate until such judgment be reversed on an appeal. But as the right of appeal is given "to the defendant, and has been exercised in the present case, the action was to be conducted in the Court of Common Pleas, in the same manner as if it had been originally commenced there. Thus, when the plaintiff died, there was no law by which the abatement could be prevented, by a substitution of the administrator in his place. There is no provision for that purpose in the act regulating arbitrations. It is a casus omissus. But what then becomes of the award of the arbitrators? It has not been reversed. Is it to be considered as a subsisting judgment? I think not. There has been no default in either plaintiff or defendant. The action abated by the act of God, The defendant therefore must not suffer by it. He did all in his power to prosecute his appeal. The death of the plaintiff he could not prevent. When the law gave him an appeal, and made no provision to prevent an abatement in - case of death, it gave him the chance of being discharged from the action by the death of the plaintiff. He was forced to the arbitration by the positive command of the act of assembly. But the same act secured to him a trial by jury, if he chose to ask for it. He did choose it, and for that purpose entered his appeal. It never could be the intent of the law then, that the award should be conclusive, when the defendant had used all lawful means for prosecuting the appeal, and was prevented by the death of the plaintiff. To have made it conclusive, would have been to deprive the plaintiff of his trial by jury, which in the opinion of the legislature could not have been done consistently with the constitution of the commonwealth. The loss must fall upon one of the parties, and I am of opinion it is the defendant who must bear it. The judgment of the court of Common Pleas is to be reversed.
Judgment reversed.