This was an action of debt, in which it was alleged that the defendants had wilfully and without license, cut, felled, destroyed and carried away certain forest trees growing on the plaintiff’s land, contrary to the form of St. 1817, c. 173, whereby they had rendered themselves liable to him in a sum equal to five times the value of the trees. The defendants pleaded nil debet, and a license. During the pendency of the action the plaintiff died ; and the Court now dismissed it, saying that it was brought to recover damages for a wrong done, and that according to the case of Hambly v. Trott, 1 Cowp. 371, it did not survive. — See Com. Dig. Administration, B, 15 ; Wentw. Off. Ex. (ed. 1728) 126 ; Johns v. Carne, Cro. Eliz. 621 ; Wortley v. Herpingham, ibid. 766 ; *560 Coppin v. Carter, 1 T. R. 462 ; Aleworth v. Roberts, 1 Lev. 39 ; Moreton’s case, 1 Vent. 30 ; Anon., 1 Vern. 60 ; Palmer v. Stebbins, 1 Pick. 71.[2]

 At common law no action founded in tort and in which the plea was “ not guilty,” was held to survive against the executor or administrator of the tortfeasor. Nicholson v. Elton, 13 Serg. & Rawle, 416 ; Hambly v. Trott, Cowp. 375 ; Cutler v Browne, 2 Haywood, 182 ; Crane v. Crane, 4 Halsted, 173 ; People v. Gibbs, 9 Wendell, 29. See Miller v. Umbehower, 10 Serg. & Rawle, 31 ; Hawkins v. Glass, 1 Bibb, 246. And the death of the defendant, in all actions, whether sounding in tort or contract, was pleadable in abatement. Com. Dig. Abatement, H, 34. But by St. 1822, c. 110, the actions of trover and replevin, and by St. 1834, c. 2, actions of trespass and trespass on the case for injuries to personal property, are made to survive against an executor or administrator. And by St. 1783, c. 32, all actions which by law survive as it respects their causes, and by St. 1822, c. 110, the actions of trover and replevin, and by St. 1834, c. 2, actions of trespass and trespass on the ease for injuries to personal property, if commenced and pending in court against a testator or intestate, may be prosecuted to final judgment against his executor or administrator. [See Revised St. c. 93, § 7, 8.]
By statute in Virginia, trespass for mesne profits of land recovered in eject, ment, lies against an executor. Lee v. Cooke, Gilner, 331