Duer, J.
The questions are certainly new which this demurrer raises, and I will not affirm that they are free from difficulty.
The complaint is unquestionably good, if it avers all the facts which, if controverted, the plaintiff will be bound to prove upon the trial, in order to maintain the action, and if the question stood alone on the construction to be given to the first section of the statute, I should not hesitate to say that the only facts necessary to be proved upon the trial, and, consequently, to be averred in the complaint, are the death of the person by whose representatives the action is brought, and the wrongful act, neglect, or default of the defendant, by which the death was caused. Confining ourselves to the words of this section, they certainly imply that the action is given to recover damages for the personal injury to the deceased, and these damages, which, had not death ensued, he would himself have been entitled to recover. By the rule of the common law, his death would be a bar to the recovery, and this bar, the Legislature, by declaring that the guilty or negligent defendant, shall remain liable to an action, notwithstanding the death, or in legal phrase by declaring that the cause of action shall survive, intended to remove. Upon this construction it would also follow, as the counsel for the plaintiff contended, that the damages recovered would enure to the general benefit of the estate of the deceased, and would be assets in the hands of his executors or administrators.
But the first section is not the whole act, and in this, as in all similar cases, in order to arrive at the true intention of the Legislature, all the provisions of the law must be considered.
Proceeding then to the second, the only remaining section, I find that its terms, in its amended, as well as in its original, form, are wholly inconsistent with the construction which I have stated, and would otherwise adopt. After stating that the action “ shall be brought in the name of the personal representatives of the deceased person,” they declare that “ the amount recovered shall be for the exclusive benefit of the widow and next of kin, and shall be distributed to them in the proportions provided by law in relation to the distribution of personal property left by an intestate,” and that the jury shall estimate the damages “with reference to the pecuniary injury *633 resulting from the death of the deceased, to such wife and next of kin.” It cannot be said, it seems to me, that there is any ambiguity whatever in these clauses. In my opinion they leave no room but for one interpretation, and as I am forced to understand them, they prove that the damages to be recovered have no reference whatever to the personal injuries of the deceased, but refer wholly to the pecuniary loss which his wife and next of kin shall be proved to have sustained ; that they are not given for injuries preceding the death, but only to satisfy a loss resulting from the death; that they are not given for a cause of action, which by force of the statute survives the death, but entirely for a new cause, which the death itself originates; and finally, that the damages recovered are not general assets, applicable as such to the payment of debts, but belong exclusively and absolutely to the wife and next of kin, to whom they are to be distributed. As their pecuniary loss is the sole measure of damages, so the satisfaction of that loss is the sole purpose to which the amount recovered can be applied.
It follows that in actions under the statute, the damages that may be recovered are limited to a mere indemnity, and in all cases where the damages are thus limited, I apprehend the facts, that there are persons entitled by law to claim the indemnity, and that they have sustained a loss justifying their claim, must be proved upon the trial in order to warrant a recovery; and that when these facts are not proved, the foundation of the action fails, and the complaint must be dismissed. These facts are in their n ature material and issuable, and in actions like the present are therefore, in my judgment, just as necessary to be proved upon the trial, and, consequently, to be averred in the complaint, as the death of the person injured, and the wrongful act, or neglect of the defendant as its primary cause. There are no such averments, however, in this complaint.
I observe in addition, that this case, although not exactly belonging to the same class, yet bears a strict analogy to those in which the right to maintain the action depends upon the proof of special damage, and in these cases the law is settled, that the special damage must be stated in the declaration or complaint, (Linden v. Graham, and cases ib. cit. 1 N. Y. Sup. C. Rep. 670.)
*634 The pecuniary loss resulting to the wife and next of kin is as truly the cause of action, in actions like the present, as the special damage in those to which I have referred.
There is another objection raised by the demurrer, to which it is now proper to advert. It is that the plaintiff, as administrator, has not a legal capacity to sue; doubtless, meaning that if the action is maintainable at all, it should be brought in the name of the widow and next of kin, if such there are, as the real parties, in interest. But I agree "with the counsel of the plaintiff that the words, “ personal representatives,” in their proper legal signification, refer to those who represent the personal estate of the deceased; in other words, to executors or administrators, and that there are no reasons for attributing a different meaning to the words in the statute upon which this action is founded. On the contrary, as the power of distributing the amount recovered to the widow or next of kin, is not given to the court, it is only to the executor or administrator that it can properly belong. The damages, which as a fund he is bound to distribute, he is .entitled to receive; and to enable him to receive them, it is in his name that the action for their recovery must be brought. He is, moreover, the trustee of an express trust, which the statute creates, and hence the cestuis que trustent, although the real and sole parties in interest, are not necessary parties to the action (Code, § 110).
But although the action is properly brought in the name of the plaintiff as administrator, the complaint itself, for the reasons already given, I am obliged to say is fatally defective, and the demurrer must therefore be allowed. It is not to be denied that there is a seeming discrepancy between the two sections of the statute, but they are not irreconcilable, and I am bound to give them, if possible, a consistent interpretation. To perform that duty I must give effect to an intent which is expressed, over that which may be implied—to provisions which are clear and explicit, in preference to those, which, in a measure, are doubtful and obscure. It is a sound maxim of interpretation, that, “ In obsewis id quod minimum est speotamu/r.”
There must be judgment for the defendants, unless the plaintiff, within twenty days, shall elect to amend the complaint, *635 and pay the costs of this trial, as the' Code requires me to call the hearing.
This order, on an appeal, taken to the General Term, and argued before all the judges, was affirmed; and the following opinion was then delivered by Hr. Justice Hoffman.
By the Court. Hoffman, J.
This is an appeal from an order of the j izdge at special term allowing a demurrer, with liberty to the plaintiffs to amend their complaint.
The complaint states that the plaintiff is the father of George R. Safford, late of Hew York, and that he has taken out letters of administration of his goods and chattels. That the defendants were owners of the steamboat Empire, and had the management thereof at the time of the injury to, and death of, the said George R. Safford, next set forth. That he was a passenger on board such steamboat on the 16th of July, 1853, and by the negligence and default of the defendants, such steamboat came in collision with a sloop, by which the steam escaped, and scalded and injured the said George R. Safford, so that by reason of the same he afterwards died. Judgment is then 'prayed for $5,000 of damages.
The demurrer was, 1st, that the cause of action did not survive to the administrator of the deceased, and the plaintiff has no legal capacity to sue therefor. 2d. That no facts are stated by which it can be determined that damages were sustained which are recoverable in this action, nor is there any allegation of damage; and 3d, generally, that the complaint does not state facts sufficient to constitute a cause of action.
The judge sustained the demurrer, substantially upon the ground that there was no right of action under the statute of 1847 (cli. 256), except upon the basis of a pecuniary damage sustained by the widow and next of kin of the deceased. That the damages were limited to an indemnity for such a loss. That facts showing such a loss must be proven, and must be averred in the complaint, or the foundation of the action fails, and it must be dismissed.
The statute, under which this action is brought, was passed *636 on the 13th of December, 1847 (Sess. Laws, 1847, ch. 450), and was amended by an act of the 7th of April, 1849 (Sess. Laws, 1849, ch. 256).
The first act was entitled, “ An Act requiring compensation for causing death by wrongful act, neglect, or default.” It provided in the first section, that “ whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would (if death had not. ensued) have entitled the party injured to an action; then and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages.”
The second section of the act of 1847 was amended by the act of April, 1849, so as to read as follows : “ Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem [a] fair and just [compensation not exceeding $5,000], with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person.” Then follows a clause that every such action must be commenced within two years after the death of such person.
The only change made by the act of 1849 in the act of 1847 was by inserting the words above placed within brackets and italicised.
This act was no doubt framed upon that of the 9th and 10th Victoria, cap. 93. This was passed in August, 1846; and as before observed, our first act was passed in December, 1847.
The first four sections of the English statute are as follows :
“ 1. Whereas, no action at law is now maintainable against a person, who by his wrongful act, neglect, or default, may have caused the death of another person, and it is oftentimes right and expedient that the wrongdoer in such cases should be answerable in damages for the injury so caused by him. Be it, *637 therefore, enacted, &c., that whensoever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.
“ 2. That every such action shall be for the benefit of the wife, husband, parent, and child of the person whose death shall have been so caused, and shall be brought by and in the name of the executor or administrator of the person deceased, and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom, and for whose benefit, such action shall be brought; and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided among the before mentioned parties, in such shares as the jury, by their verdict, shall find and direct.
“ 3. Provided always, and be it enacted, that not more than one action shall be for, and in respect of, the same subject matter of complaint, and that every such action shall be commenced within twelve calendar months after the death of such deceased person.
“ 4. That in every such action the plaintiff on the record shall be required, together with the declaration, to deliver to the defendant or his attorney, a full particular of the person or persons for whom, and in whose behalf, such action shall be brought, and of the nature of the claim in respect of which damages shall be sought to be recovered.”
In a case before Justice Parke, afterwards cited (which he stated he believed was the first under the English statute), he observed that there were great difficulties attending the construction of the statute, which could only be removed by a series of judicial decisions.
In the first place it is to be noticed, that, by the rules of the common law, before the statute, no action, could be maintained *638 by the personal representatives of a deceased person for loss or damage resulting from his death. This is fully stated in the case of Carey v. The Berkshire R. R. Co., 1 Cushing, 475. (See 1 Sanders R. 216, n. 1; Baron Parke in Blake v. The Midland County R. R. Co., hereafter cited; Barber v. Bolton, 1 Campbell, 493 ; 1 M. & Selwyn, 408; Miller v. Umbehoven, 10 Serg. & Rawle, 31.)
On the other side, while the English law admitted of no action after death in cases of this nature, the civil and the Scotch law permitted it, and damages were given to the relations upon the ground of a solati/am.
The first case under the English statute was that of Ainsworth v. The S. E. R. W. Co. (11 Jurist, 758). An abstract of it may be found in a note to 1 Am. R. R., and Canal Cases, p. 446, n.
After this, some rulings, chiefly by single judges at nisiprius or chambers, took place, which are stated in the case of Blake hereafter noticed, but as they have little bearing upon the questions we are considering they are omitted.
The consideration of the tru6 construction of the statute then came before the Queen’s Bench (February, 1852) in the case of Blake v. The Midland Counties Railway Co., which is reported (21 L. Journal R. N. S. 233, and also 10 Law & Eq. R. 439). The suit was by the widow and administrator of a husband killed by an accident to the train in which he was travel-ling. It was admitted that there was negligence on the part of the defendants. For the purpose of damages, evidence was given of the average income of the deceased from the profits of mercantile business, and other circumstances of his situation.
The judge charged the jury, that upon the true construction of the act, the claim of the plaintiff must be limited to the pecuniary injury resulting to her from the death of her husband. Subsequently he stated, that at common law this action was not maintainable; that for his own part, he thought it very difficult to apply any other test but the pecuniary loss which the plaintiff had sustained by the death of her husband ; but that it was their duty to assess the damages, and that it was competent to them to give such damages as they might think proportioned to the injury sustained. The jury gave *639 £4,000, which the judge reported, that'he considered too large, if the damages were to be calculated upon the principle of pecuniary compensation. A motion for a new trial was made on the ground of misdirection and excessive damages.
Coleridge, J., delivered the opinion of the court; and said that the important question was, whether the jury, in giving damages, were confined to injuries of which a pecuniary estimate may be made, or might add a solatium to the parties, in respect of the mental sufferings occasioned by the death. He proceeds, “ The title of the act may be some guide to its meaning, and it is, ‘ An act for compensating the families of persons killed by accident,’ not for compensating their wounded feelings. Reliance was placed upon the first section, which states in what cases the newly given action may be maintained, although death has ensued ; the argument being, that the party injured, if he had recovered, would have been entitled to a solatium, and therefore, his representative shall be so on his death. But it will be evident that this act does not transfer this- right of action to his representative, but gives to the representative a totally new right of action on different principles. The second section enacts, that in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom, and whose benefit, such action shall be brought. The measure of damages- is not the loss or suffering of the deceased, but the injury resulting from his death to his family. The language seems more appropriate to a loss of which some estimate may be made by calculation, than to an indefinite sum, independent of all pecuniary estimate, to soothe the feelings.”
A new trial was ordered.
It is impossible to avoid the conclusion, that under this decision, the rule which governs the measure of damages is the exclusive ground of the action, viz. a pecuniary loss to the family of the deceased. The judicial construction of the English act sheds no little light upon our own.
The only other construction which our statute admits, and upon which we have bestowed much attention, is this—that the first section, and the two first clauses of the second section, give a right of action to the personal representative, precisely in the *640 cases and to the extent in which the deceased could have maintained a suit; and that the rule of damages then would be the amount which the jury would have given the deceased had he lived and brought the action. And in such a case, that pecuniary loss to the family was not to be considered. Next, that the action might proceed on the ground of such loss, and then the amount which the deceased might have recovered is to be laid out of view; so that, in cases in which the death of a party was really a benefit to his next of kin in a pecuniary view, still the action would lie on the basis of the right of the deceased—and where it was an injury, the action would proceed on that basis : that the two causes of action and rules of damages could not be united, but the party must proceed for one or the other.
Some expressions in the case of Baker v. Bailey, 16 Barb. 60, tend to support this view.
But after minutely considering the whole statute, we are of opinion that the cause or grounds of action cannot be thus separated and preserved distinct. The statute, it is not to be contested, creates a new action. It does not supply any new mode or form of continuing or transferring an existing right. The first section merely operates to vest this new right in the representative, wherever the deceased had any original right of action at his death, or, more properly, could have had, had he survived. It is such action which is spoken of in the first line of the second section, and also in a subsequent clause, when the parties for whose benefit it is to be brought are designated ; and then the act proceeds, that in every such action, the jury may give such damages as they shall deem a fair and just compensation (not exceeding $5,000), with reference to the pecuniary injury resulting from such death.
We consider, upon the whole, that the only ground upon which the action can rest, is the ground upon which the damages are to be recovered—that the prescription of the one ground or rule of damage has excluded every other, and thus rendered it indispensable, in order to support a suit under the statute, that pecuniary loss has resulted to the widow and next of kin.
We are also of opinion that the act may be interpreted so as *641 to allow an action where there is a widow only, or next of kin only, as well as where both are in existence.
In the present case the complaint, upon these principles, is liable to the objections raised by the demurrer. There is not an allegation in it tending to show that any pecuniary injury or loss has arisen, or can arise, to any one by reason of the death of the party. As this is the only cause of action, the settled rule of pleading under the Code, demands that the facts constituting it should be set forth. Without saying how far it is necessary to go in such allegations, it may be stated, that at least the persons who have suffered, or may suffer such injury, should be named, with an averment that they had sustained a pecuniary loss to a certain amount from his death.
The fourth section of the English statute provides, that the plaintiff may be required to deliver a particular of the nature of the claim in respect of which damages shall be sought to be recovered. In BlalcSs case before cited, the court say an argument had been drawn from that clause, as if it required so much to be claimed for pecuniary damages, and so much for solatium. But these words will be abundantly satisfied by a statement of the manner in which the pecuniary loss to the different persons, for whom the action is brought, is alleged to have arisen.
In Murphy v. Kipp and Brown (1 Duer’s Reports, 659), this court refused to order a bill of particulars, stating by anticipation all the items, and the amount of each, which the court might hold would properly enter into the computation of damages. But this decision does not exclude the propriety of alleging a pecuniary loss, or some substantial facts on which it is asserted to arise.
The complaint should conform to the substance of the rule. It should show that there is living a widow, or next of kin, or both, and their names, with an averment that they had sustained a pecuniary loss or injury by the death of the party.
This complaint is defective in each of these points, and the order made at Special Term, allowing the demurrer, must be affirmed with costs.