Joseph H. Daly, J.
This court acquires jurisdiction of an action upon contract brought against co-partners who are non-residents of this State, if the summons be personally served in the city and county of New York upon one of the copartners (Code of Pro., § 33, subd. 2).
An attachment in such an action may be issued under section 227 of the Code, to attach the copartnership property of the copartners. This has been so held in the superior court of the city of New York (1 Duer, 662); that court having under the Code the same jurisdiction as the court of common pleas (§ 33).
It has also been held in the superior court that an attachment may be issued in that court under section 227 of the Code, in an action against non-residents of the State before the personal service of summons; that *398 a levy before personal service would be invalid, but that after such service the attachment might be levied (Gould v. Bryan, 3 Duer, 636 ; Zerega v. Benoist, 7 Robt., 199). The reasoning in both of these cases is fully applicable to like cases in this court, and is entirely satisfactory to me. It has been the rule followed in this court.
In this case an attachment was granted by Chief Justice Daly upon an affidavit stating, among other requisite matters, that the action had been commenced by the " issuing’ ’ of the summons. This, under section 337, was enough to show that the action had been commenced in order to authorize the granting of a warrant under that section. It is not claimed that the summons was not, in fact, issued at that time; it is, however, asserted by the plaintiff on this motion, that the summons was personally served on one of the defendants (jointly indebted with his co-defendant) before the attachment was levied, and the defendant does not assert the contrary. This case seems, therefore, to be brought entirely within the rule in Gould ?;. Bryan, above cited. The attachment cannot, therefore, be set aside as irregular or invalid. My view is that in this court, an attachment under section 337 of the Code may be granted whenever it shall appear (with the other necessary facts) that the action has commenced by the issuing of the summons ; and that, if the same attachment be levied after personal service of the summons in this county the levy is valid.
As regards the points made on this motion involving the merits of the plaintiff’s claim it is enough to say:
1. That the practice of the court is to decline to try the action upon affidavits, on such a motion, where the affidavit on which the attachment was originally granted “specifiesthe amount of the claim and the grounds thereof,” and shows that a cause of action exists (sec *399 tion 229 of Code); and the affidavit in this case seems a compliance with that section.
2. That it seems to me the action is not prematurely brought, since the plaintiff, if his statement be true, was entitled to his commission when the contract between the railroad company and the defendants was executed (which was before the commencement of this action), and the plaintiff, chooses to take the risk of being able to fix the amount of his compensation before the contract is completed, if the trial of the action takes place before that period.
The failure to file the affidavit on which the attachment issued within ten days (Code, § 229), is no ground for vacating the attachment (Brash v. Wielarsky, 36 How. Pr., 253. The validity of the warrant or the proceedings on it are nowhere in the law made to depend on a compliance with the direction as to filing the affidavits.
So far as the point that the plaintiff had no Federal license to act as broker is concerned, that fact does not affect his right to recover upon an express contract for fixed compensation.
Motion to vacate attachment denied.