WESTERN UNION TEL. CO. v. McGILL et al.

(Circuit Court of Appeals, Eighth Circuit. September 18, 1893.)

No. 271.

1. DEATH BY WRONGFUL ACT—KANSAS STATUTE—NEXT OF KIN.
   Under Gen. St. Kan. 1889, par. 4518, giving a right of action for death by wrongful act, and providing that the damages must inure to the exclusive benefit of the widow and children, if any, or next of kin, the next of kin are not entitled to the benefit of the statute unless there is no widow or children to enjoy the same.

2. SAME—ACTION BY WIDOWER.
   As a widower is not one of the beneficiaries of the statute, he cannot recover, as such, for the wrongful death of his wife.

3. SAME—PARTIES—NEXT OF KIN—WIDOWER.
   Under Gen. St. Kan. 1889, par. 4519, providing that an action for death by wrongful act, when there is no personal representative, may be brought by the widow, or, when there is no widow, by the next of kin, the widower cannot be a party to an action for the death of his wife, as he is not included in "the next of kin."

In Error to the Circuit Court of the United States for the District of Kansas.

At Law. Action by Thomas McGill, and by Richard Lambert McGill, and Jessie Margaret McGill, by their next friend, Thomas McGill, against the Western Union Telegraph Company, to recover for the death of Rebecca G. McGill, resulting from the wrongful act of defendant. Judgment was given for plaintiffs. Defendant brings error. Reversed.

Statement by SANBORN, Circuit Judge:

The Western Union Telegraph Company, the plaintiff in error, brings this writ to reverse a judgment against it in favor of Thomas McGill, Richard Lambert McGill, and Jessie Margaret McGill, the defendants in error, who were the plaintiffs below, for causing the death of Rebecca G. McGill by neglecting to deliver a telegram. Rebecca G. McGill was the wife of Thomas McGill, and the mother of the other defendants in error.

In the year 1868 the legislature of the state of Kansas enacted the following statute: "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Gen. St. Kan. 1889, par. 4518.

In the year 1889 that legislature enacted the following statute: "That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 422 of chapter 80, Laws of 1868, (now paragraph 4518, supra,) is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section 422 may be brought by the widow, or where there is no widow, by the next of kin of such deceased." Gen. St. Kan. 1889, par. 4519.

The plaintiffs base their action upon these two statutes. Evidence of the pecuniary loss to the widower, Thomas McGill, by the death of his wife, was received in evidence over the defendant's objection. The court refused a request of the defendant to instruct the jury "that Thomas McGill, being the hus-

band of the deceased, is not the widow or next of kin, and is not, under the law, authorized to maintain this action against the defendant." These rulings of the court, with others, are assigned as error.

R. R. Vermilion and C. M. Ferguson, (George H. Fearons and Kos Harris, on the brief,) for plaintiff in error.

T. B. Wall, (J. R. Hallowell and J. M. Humphrey, on the brief,) for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Under the common law no one could maintain an action for the negligent killing of another; no one was entitled to damages for such an act. The first change in the common-law rule was made in England by Lord Campbell's act, (9 & 10 Vict. c. 93, p. 693,) which provided that, whenever the death of any person should be caused by the wrongful act, neglect, or default of another, in such a manner as would have entitled the party injured to have maintained an action in respect thereof if death had not ensued, an action might be maintained if brought within 12 months after the death of such person in the name of the executor or administrator of the person killed, for the benefit of the wife, husband, parent, and child of the person whose death should have been so caused; that the jury might give such damages as they might think had resulted to the respective persons for whose benefit the action should be brought; and that the damages so recovered, after deducting the costs not recovered from the defendant, should be divided among such beneficiaries in such shares as the jury by their verdict should find and direct. The first statute in this country upon the subject was the act of the New York legislature of 1847, (chapter 450.) That act made the party responsible if death had not ensued liable to an action for damages, notwithstanding the death, to be brought by the personal representatives, and provided that the recovery should be "for the exclusive benefit of the widow and next of kin." The legislatures of the various states have generally copied these acts with more or less accuracy, and many of them have been construed by the courts of England and of this country. Under these statutes the following rules have been established without dissent among the authorities:

The action under them is entirely the creature of the statute. If the right to maintain it and to recover the damages allowed in it in any case is not expressly given by these statutes, the judgment rendered cannot stand.

Where such a statute giving a new right of action for damages specifies the person or class of persons for whose exclusive benefit the damages are to be recovered, no damages to any other person or class of persons can be allowed in the action based on the statute.

The damages given by these statutes are not given in sat'sfaction of the wrong done, but are intended as a compensation to the persons for whose benefit the recovery is permitted for the pecuniary losses they have sustained by the death. They must be measured by these losses. There can be no recovery for the injuries or suffering of the deceased, or for the anxiety, sorrow, or bereavement of those who survive.

If no such person or class of persons exists as that specified in the statute as the beneficiary of the recovery, no action can be maintained, and in order to maintain the action the existence of the beneficiary and the pecuniary loss must be alleged and proved. Railway Co. v. Needham, 3 C. C. A. 129, 52 Fed. Rep. 371, 373; Dickins v. Railroad Co., 23 N. Y. 158; Drake v. Gilmore, 52 N. Y. 389; Trafford v. Express Co., 8 Lea, 96, 111; Blake v. Railway Co., 10 Eng. Law & Eq. 437, 443, 444; Safford v. Drew, 3 Duer, 627, 635, 640; Railway Co. v. Morris, 26 Ill. 400, 403; Burke v. Railroad Co., 10 Cent. Law J. 48; Duckworth v. Johnson, 4 Hurl. & N. 653; Railroad Co., v. Swayne, 26 Ind. 477; Perry v. Railroad Co, 29 Kan. 420; Railway Co. v. Cutter, 19 Kan. 83.

The first statute in Kansas relative to this right of action is now paragraph 4518 of the General Statutes of that state for 1889, and it was passed by the legislature in 1868. That statute gave the right of action, provided that it might be brought by the personal representative of the deceased, and declared for whose exclusive benefit the damages recovered should inure, and how they should be distributed among the beneficiaries. Thus the law stood in Kansas until 1889, when the legislature passed the act which is now paragraph 4519 of the Kansas General Statutes, which simply provides that the widow or next of kin may bring the action if there is no personal representative of the deceased. When the original statute was passed it was within the power of the legislature of that state to refuse to allow any one to recover damages for the negligent killing of another, to give to every one who suffered any losses on that account the right to recover them, or, in its discretion, to select certain persons or classes of persons whose losses so occasioned might be recovered. Obviously, if this original act, which gave the right of action, specified the persons for whose benefit the recovery could be had, then no damages could be recovered on account of losses sustained by any persons or class of persons not thus named. The rights of the latter must in that event still be governed by the common law as they were before the statute was enacted, and the maxim, "expressio unius est exclusio alterius," must exclude them from the benefits of the action. Bearing in mind the established rules to which we have adverted, let us now consider whether the Kansas statutes gave the right to recover any damages in this action for the losses sustained by the husband through the death of the wife. To determine this question we are called upon to consider but a single clause of the statutes. The last clause of the original section which gave the right of action provides that "the damages cannot exceed ten thousand

dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Paragraph 4518, supra. This subject is not mentioned in any other part of the statutes. What, then, is the effect of this clause on the right of the husband to prove and recover for his losses in this action? The statute is not ambiguous. It is not the subject of construction. It declares without doubt or question that the widow and children, if there are any, shall have the exclusive benefit of all the damages recovered, and that these damages shall be distributed among them in the same proportions as is the personal property of the deceased; but that, if there is neither widow nor child, then the next of kin shall receive the damages, to be distributed among them in the proportions in which they would receive the personal estate in that event. In other words, the statute declares that, if there are any persons of the first class, the damages must be paid to them exclusively, and no one in the second class can receive any share of them.

An elaborate argument has been made to show that this widower is one of the next of kin of his deceased wife. If that were so, it would not be material in the determination of this question. If he were of the next of kin, the loss which he sustained by the death of his wife would not be recoverable in this action, because he would then belong to the second class named in the statute; and there are at least two persons of the first class—the two children in being—who are entitled to all of the damages.

It is urged that by the Kansas statutes of descent and distribution of estates the husband of a deceased wife, who leaves him surviving her, is entitled to a share of her personal estate, and hence that the last portion of this clause, which declares that the damages shall be distributed to the widow and next of kin "in the same manner as personal property of the deceased," must include the husband. But this statute which gives this right of action does not provide that the damages shall inure to the benefit of and be distributed to those entitled to share in the personal estate of the deceased in the same manner as that property is distributed. That was the effect of the Arkansas statute which was considered by this court in Railway Co. v. Needham, supra. That statute provided that the amount recovered in such an action should be for the exclusive benefit of the widow and next of kin, and that it should be distributed to them in the same manner as the personal estate of the deceased person was. That is the disposition that the law would have made of the damages in this action if the Kansas statute had stopped with vesting it in the personal representatives of the deceased for the benefit of the relatives entitled to share in his personal estate. But this statute expressly prohibits that disposition. It declares that the damages "must inure to the exclusive benefit of the widow and children, if any." To hold that these damages could be diverted to the benefit of any one else would be to fly in the very teeth of the law. Moreover, it

is settled by a long and uniform line of decisions that where by statute, conveyance, or will personal property is granted or devised for the exclusive benefit of a certain class of persons, to be distributed "according to the statute as in case of intestacy," or "in the same manner as personal property of the deceased," the use of the words in quotations, or similar terms, does not increase or diminish the number or change the characteristics of those who belong to the class. Cholmondeley v. Lord Ashburton, 6 Beav. 86; Garrick v. Lord Camden, 14 Ves. 372; Murdock v. Ward, 67 N. Y. 387; Luce v. Dunham, 69 N. Y. 36, 43.

Finally, it is said that the word "widow" in this statute ought to be construed to mean "widower" in every case where the wife has been killed; that the legislature must have intended to include him in the class of the widow and children, because he must often suffer great pecuniary loss by the death of his wife. If there was any ambiguity in this statute, we might speculate on the probable intention of the legislature, and consider who ought to be added to the first class which they have formed. We might consider that, where a husband is killed, who is the only support of aged and infirm parents, who have spent the best years of their lives to educate him and establish him in business, every consideration of justice and humanity demands that these parents should be counted as members of the class of the widow and children; that when a married woman is killed, whose kindness, sympathy, and care have furnished the only consolation and support of an invalid sister, she ought to be added to this class; and that in every case those who suffer most severely from the death should be deemed the widow and children of the deceased, and should receive the exclusive benefit of the recovery in the action.

If we entered upon this inquiry it would not fail to occur to us, however, that when the legislature gave these damages to the widow and children they may have considered that the husband is, and ought to be, the provider for and supporter of the family; that his death often leaves the widow and children helpless, without the power to earn the means needed to purchase the necessaries and comforts of life; that the burden of supporting and providing for the family is seldom cast upon the wife; that, where it is, the husband is sometimes unworthy to share in the damages for her death, and they ought to go to the children exclusively, and that, where it is not, her death will not be the pecuniary loss to the family that the death of the husband must have been, since the supporter of the family still remains, and can provide the means for its support. We shall not enter upon these speculations. They present matters proper for the consideration of the legislature of the state of Kansas, but the terms of the statute are too clear to permit us to indulge in them. This statute does not put in its first class the infirm parents, the invalid sister, or the bereaved husband. It places no one there but the widow and children. To the pressing invitation to us to add others to the list, we answer in the words of the supreme court of Kansas: "We do not make

the law. If there is any omission in the statutes, the remedy is with the legislature." Limekiller v. Railroad Co., 33 Kan. 83, 90, 5 Pac. Rep. 401.

The result is that where a new right of action is given by statute on account of the death of one by the wrongful act or omission of another for the exclusive benefit of the widow and children of the deceased, a widower is not one of the beneficiaries of the statute, and it is a fatal error to allow a recovery of damages for losses he sustains by the death of his wife in an action brought against the wrongdoer for the benefit of the children. On this ground the judgment below must be reversed.

The record presents one other question which ought to be disposed of before the case is retried. It is, was this widower a proper party to this action? There was no legal representative of the deceased wife. The statute of 1889 provided that when there was no such representative the action might be brought by the widow, or, where there was no widow, by the next of kin of the deceased. Paragraph 4519, supra. It is not claimed by plaintiff's counsel in this part of the discussion that Mr. McGill is the widow, but it is insisted that he is the next of kin to his wife, and in support of that proposition he cites the following decisions: Steel v. Kurtz, 28 Ohio St. 191; City of Chicago v. Major, 18 Ill. 349; Insurance Co. v. Hinman, 34 Barb. 410; Betsinger v. Chapman, 88 N. Y. 487; Haggerty v. Railroad Co., 31 N. J. Law, 349, 350; Bream v. Brown, 5 Cold. 169; Trafford v. Express Co., 8 Lea, 96.

But one of these cases is directly in point. The two Tennessee cases arose under a statute which provided that the right of action of a person injured by the wrongful act or omission of another should not abate by his death, but should survive to the personal representative of the deceased for the benefit of his widow or next of kin, and the supreme court of Tennessee held that the widower could maintain the action under this statute on the ground that the right of action was a chose in action of the wife while living; that the wife's personal estate, including this right of action, vested in the husband before administration taken out, and that he was entitled to recover jure mariti. Trafford v. Express Co., 8 Lea, 111.

In City of Chicago v. Major, supra, Haggerty v. Railroad Co., supra, and Bream v. Brown, supra, the decisions were that under statutes allowing a recovery of damages for the benefit of the widow and next of kin an action would lie for the negligent killing of one who left no widow,—as an infant or a wife.

In Insurance Co. v. Hinman, supra, the decision was that a statute authorizing an action against the next of kin for moneys of an estate wrongfully paid to them warranted an action against the widow where she had wrongfully received such a payment.

In Betsinger v. Chapman, supra, it was held that where a widow was entitled to share in the distribution of an estate she could maintain an action under a statute which authorized a suit

against executors or administrators under certain conditions for the recovery of legacies or distributive shares "by any legatee or by any of the next of kin entitled to share in the distribution of the estate."

It is evident that these cases are not in point. These decisions do not rest upon the legal or commonly accepted meaning of the term "next of kin," but upon the modifications of its meaning, effected by the peculiar language of the various statutes considered.

In Steel v. Kurtz, 28 Ohio St. 191, however, the supreme court of Ohio determined this question in favor of the plaintiffs. The Ohio statute gave a right of action for the negligent killing of a person for the benefit of the widow and next of kin. The question was whether the husband was a beneficiary under the statute. The supreme court of Ohio declared that the statute was not ambiguous, but incomplete, and, in order to complete it, they held that the husband was the next of kin of his wife.

On the other hand, in Dickins v. Railroad Co., 23 N. Y. 158, 160, under the New York statute, which provides that the amount to be recovered in this class of actions shall be for the "exclusive benefit of the widow and next of kin" of the deceased, the court of appeals of New York held in 1861 that the husband was not within the description of next of kin of his wife. Judge Denio, delivering the opinion of the court, said:

"It is the pecuniary injury resulting to the wife and next of kin which is to be estimated; but the injury to the husband, when it is the wife whose death has been caused by the defendant's act, is not spoken of as a ground of damages. And the husband is not embraced within the description of next of kin of his wife. Husband and wife, as such, are not kin to each other in a legal sense, and the husband cannot take under a settlement limited to the next of kin of his wife. Watt v. Watt, 3 Ves. 244, and note (a) in Sumner's edition; Garrick v. Lord Camden, 14 Ves. 372; 2 Kent, Comm. 136, (5th. Ed.)"

This decision was affirmed in Drake v. Gilmore, 52 N. Y. 389, 392. It was cited and approved by the supreme court of Tennessee in Trafford v. Express Co., 8 Lea, 111, where that court said:

"In the New York statute, the recovery, as we have seen, was compensation for the pecuniary injury to the widow and next of kin, not damages for the injury to the person killed, and it therefore followed logically that a husband had no interest in any recovery for the death of his wife until the law was changed so as expressly to include him. The same result would follow under our statute if the recovery was, either in whole or in part, as compensation for the injury to the widow and next of kin, to the extent of so much of the recovery."

In Haraden v. Larrabee, 113 Mass. 430, 431, Mr. Justice Gray, then chief justice of the supreme judicial court of Massachusetts, in considering a devise to "the next of kin" of a husband, "to those persons to whom the property would go provided" he "owned the property and died without issue and intestate," thus laid down the rule for the definition of the term "next of kin." He said:

"The words 'next of kin' are limited in legal meaning, as in common use, to blood relations, and do not include a husband or a wife, unless accompanied by other words clearly manifesting a purpose to extend their

signification; and the mere addition of a reference to the statute of distributions is not sufficient. Withy v. Mangles, 4 Beav. 358, 10 Clark & F. 215; 2 Jarm. Wills, (3d Eng. Ed.) 96."

This rule commends itself to our judgment as sound and just.

There are no other words in the Kansas statutes relating to this right of action that clearly manifest a purpose to extend the legal and commonly accepted meaning of the words "next of kin." According to that meaning, the husband is not of the next of kin to his wife, nor the wife to the husband, because they are not blood relations; and the widower, Thomas McGill, was not a proper party to this action.

There are many other errors assigned in this record, but, in view of the fact that the case must be retried, and that the evidence upon the second trial may vary materially from that now presented, it is unnecessary to consider them. The judgment below is reversed, with costs, and the cause remanded, with directions to grant a new trial.