THE CHICAGO AND ROCK ISLAND RAILROAD COMPANY, Appellant, *v.* SAMUEL E. MORRIS *et al.*, Administrators of Joseph Joder, deceased, Appellees.

### APPEAL FROM LA SALLE.

In an action against a railroad corporation, under the statute, "for causing death by wrongful act, neglect or default," a declaration which does not aver, that the railroad causing the death was used in the State and county in which the action is brought, would be defective on demurrer, but is good after verdict.

Before recovery under this statute, it must be averred and proved, that the deceased left a widow or next of kin, to whom the damages can be distributed. There may be persons isolated or unknown, who do not and would not afford any support to their relatives; in the case of the death of such, there would not be any next of kin sustaining a pecuniary loss. The damage is exclusively for a pecuniary loss, not as a solace.

THIS was an action on the case by appellees against appellant under the statute, in the LaSalle Circuit Court.

The declaration alleges in the first count, that the defendant, on the 28th of August, 1857, was possessed of a certain railroad, and also of a certain steam engine, drawing a train of cars thereto attached upon said railroad, and that certain servants of said defendant, in its employment, had the management and direction of said engine, yet the said defendant, by its said servants, took so little and so bad care of said engine, etc., that by and through the mere negligence, carelessness and mismanagement of the said defendant, by its said servants employed as aforesaid, and for want of due and proper care of the said defendant, by its said servants, that the said servants with great violence, drove the said engine against and upon the said Joseph Joder, deceased, in his lifetime, as he, the said Joseph Joder, with a certain wagon and horses, was upon said railroad of the defendant, crossing the same in a certain public highway, where said highway crossed the said railroad, at the county aforesaid, whereby the said Joseph Joder was killed.

The second count alleges, that on the 28th of August, A. D. 1857, the defendant was a corporation, owning and possessed of a certain railroad, and of a certain train of cars and of a certain engine thereto attached, drawing said train upon said railroad, of which certain servants in the employ of said railroad had the care, management and direction. That said railroad crossed a certain public highway, and that said engine and train under the management of said servants, was approaching and crossing the same, and that said Joseph Joder, deceased, in his lifetime, was, with a certain wagon and horses drawing the same, crossing said railroad in a certain public highway, where the

same crossed each other, and said servants, etc., having the management, etc., of said engine and train of cars as aforesaid, neglected to ring any bell upon said engine, and neglected to whistle any whistle thereon at the distance of eighty rods from said crossing, and neglected to keep any whistle whistling, or any bell ringing, while said engine and train were approaching said crossing from eighty rods therefrom, and until they have crossed the same, but on the contrary thereof, having the management, etc., as aforesaid, without any bell being rung, and without any whistle being sounded at the distance of eighty rods from said crossing, and without any bell being kept ringing, and without any whistle being kept sounding, etc., by and through such neglect to ring any bell or sound any whistle, as aforesaid, drove the said engine against and upon the said Joseph Joder, in his lifetime, he then being upon said railroad crossing and in said public highway, whereby the said Joseph Joder was then and there killed; to the damage of said plaintiffs of five thousand dollars.

Plea, not guilty. Joinder by plaintiffs.

The appellees recovered a judgment for two thousand dollars in the court below.

GLOVER, COOK & CAMPBELL, for Appellant.

E. S. LELAND, for Appellees.

BREESE, J. This action was brought under the act entitled " An act requiring compensation for causing death by wrongful act, neglect, or default," approved Feb. 12th, 1853. (Scates' Comp. 422.) A full exposition of this statute, its object and purposes, was given by this court in the case of the *City of Chicago* v. *Major*, 18 Ill. 349. It is there said the action is to be brought by the executor or administrator of the deceased, and is not limited to those cases where he leaves a widow, and any money recovered in such action is not to be treated as a part of the estate of the deceased, creditors not deriving any benefit from it; that it is to be distributed among those to whom the personal estate would descend in the absence of a will, according to the statute of descents. And further, that the damages can only be for the pecuniary loss, not for the bereavement.

The first objection made by the appellants is as to the sufficiency of the declaration, in this, that it is not averred that the railroad owned by the defendants and used by them, was used in the county and State in which the action was brought.

This would be a good objection if presented on demurrer, but

after verdict it cannot avail. A fact of that description wil sustain a verdict, be considered as proved or admitted.

The next objection is, that it is nowhere alleged in the declaration, that the deceased left a widow or next of kin. The second section of the statute provides that every such action shall be brought by and in the names of the personal representatives of such deceased person; and the amount recovered in every such action, shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife or next of kin of such deceased person, not exceeding the sum of five thousand dollars. (Scates' Comp. 422.) Taking the exposition of this statute by this court in *Major's case* as the correct view of it, we are satisfied, before a party suing for these damages, can be allowed to recover, it must be alleged in the declaration, and proved, that the deceased left a widow or next of kin, to whom the damages could be distributed. The statute evidently intends to give no damages for the injury received by the deceased, but refers, wholly, to the pecuniary loss which his wife and next of kin may be proved to have sustained, and the damages are not assets to be applied to the general necessities of the estate, but belong exclusively to the widow and next of kin, to whom they are to be distributed. The statute makes their pecuniary loss the sole measure of damages. The satisfaction of that loss, is therefore, the sole purpose for which an action can be instituted, there being nothing to be allowed for the bereavement, for *solatium*. This being so, the facts that there are persons entitled by law to claim this indemnity, and that they have sustained a loss justifying their claim, must be proved on the trial, and therefore must be averred in the declaration, as much so as the death of the party and the wrongful act or neglect of the defendant. We are satisfied there is no right of action under this statute except upon the basis of a pecuniary damage sustained by the widow and next of kin of the deceased.

Our statute is a copy of the statute of New York, enacted in 1847, and the courts of that State hold, as we do here, that the only correct basis for the action is the pecuniary damage sustained by the widow and next of kin, that the damages are limited to an indemnity for such a loss, and that facts showing such a loss must be proved and must be averred in the complaint,

or the foundation of the action fails. Per Hoffman, J., *Safford* v. *Drew*, 3 Duer, 635.

The statute of New York is substantially a copy of the first two sections of 9th and 10th Victoria, chap. 93, enacted in August, 1846, and in the first case which arose under that act, (*Blake* v. *The Midland Railway Company*, 10 Law and Eq. Rep. 439,) it was held that the measure of damages was not the loss or suffering of the deceased, but the injury resulting to his family from his death, and that the manner in which the pecuniary loss to the persons for whom the action is brought arose, must be alleged. We remark here, that the second section of 9th and 10th Victoria, ch. 93, provides that the action shall be for the benefit of the wife, husband, parent and child of the person whose death has been caused by neglect, etc. This case shows that the rule governing the measure of damages is the pecuniary loss to the family of the deceased, and forms the exclusive ground of the action. In examining the declaration, we find no one averment under which this proof could be made. It is then, substantially defective, and advantage can be taken of it in this court. On the trial the plaintiff tacitly admitted the necessity of the averment of a widow and next of kin, by proof of those facts. We may readily imagine many cases, where persons have been for years disconnected from, and isolated from their family connections, and remained unknown to their kindred, and who, in no reasonable probability, would ever return to, or afford any support to their families or relatives. In case of their death, there would be no next of kin who could sustain any pecuniary loss by their death, because they could have derived no pecuniary benefit from a continuance of their lives.

In answer to this objection, it is urged by appellees' counsel, that there were no such averments in the declaration in *Major's case*, and that judgment was rendered upon that record. The reply to this is, this objection was not made in that case at any time, nor the attention of the court called to the point. The case was decided on wholly different grounds. For want of a sufficient declaration, the judgment must be reversed, and the cause remanded, with leave to amend the declaration, and for further proceedings in the cause.

*Judgment reversed.*