HENRY KEYSER BY NEXT FRIEND v. CHICAGO & GRAND
TRUNK RAILWAY CO.

*Railway injury to child on track—Negligence—Fences.*

1. It is negligence not to slacken the speed of a train so that it can be
stopped if necessary, if the engineer has seen an object on the track,
a long way off, and cannot tell what it is.

2. A child two and a half years old is no such trespasser in going upon a
railroad track as to forfeit redress for being run over and seriously
injured by the recklessness or negligence of the engineer. Nor can
the child be considered negligent. The question of its parents' negli-
gence in permitting it to go, is for the jury.

3. A railroad company's neglect to fence its track is for the jury to con-
sider as bearing on its liability for injury done to a child which got
upon the track in consequence.

Error to St. Clair.    (Stevens, J.)    April 8.—May 6.

CASE.    Plaintiff brings error.    Reversed.

*Jas. L. Coe* and *Stevenson & Phillips* for appellant, cited
*Isabel v. Han. & St. Joseph R. R.* 60 Mo. 476; *E. Tenn. &
Ga. R. R. v. St. John* 5 Sneed (Tenn.) 525.

*E. W. Meddaugh* and *Wm. T. Mitchell* for appellee.
Where a statute requiring railway fencing imposes a penalty
for neglect to fence, no other consequence of neglect can be
added: Sedg. Const. Law 402–4: *Thurston v. Prentiss* 1
Mich. 193; *Henniker v. Contoocook &c. R. R.* 29 N. H. 147;
Cooley on Torts 650; whether a child injured on a railway
track would have been there if the road had been fenced is
a question for a jury: *Schmidt v. Mil. & St. Paul R. R.* 23
Wis. 186; a parent's neglect is imputable to a child who suf-
fers in consequence: *Fitzgerald v. St. Paul &c. R. R.* 29
Minn. 336; *Evansville &c. R. R. v. Wolf* 59 Ind. 89; *Hig-
gins v. Jeff. &c. R. R.* 52 Ind. 110; *Honegsberger v. Second
Ave. R. R.* 33 How. Pr. 193; as to the duty of an engineer
to look out for children on the track, see *Locke v. First Div.
St. Paul & P. Ry.* 15 Minn. 350; *Scheffler v. Minn., St. P.
& P. Ry.* 32 Minn. 125.

SHERWOOD, J. The plaintiff in this case is an infant, and was about two years and six months old when he received the injuries complained of. On the 29th day of July, 1880, the defendant ran one of its passenger trains, composed of an engine and four cars, going east over its track through the township of Kimball, in the county of St. Clair. The plaintiff and his parents lived on section ten in Kimball, and about twenty rods south of the railway, on a private way, which was then generally used, and which crossed the railroad. The company's track was unfenced, and the crossings not supplied with cattle-guards. The father and next friend of the plaintiff was at home but little, and worked at Port Huron. His family consisted of his wife and three children,—an infant, the plaintiff, and a young girl about five years old. On the day above named the mother went to the garden some distance from the house to get vegetables for the family's dinner, leaving the two younger children at the house in charge of the girl, and during her absence the plaintiff wandered away upon the defendant's track, to the distance of a half or three-quarters of a mile from the house, when the train came along, running at a speed of thirty or thirty-five miles per hour, struck the plaintiff, and threw him off the track into a log heap twenty or thirty feet distant, producing very serious and permanent injury to him. The train hands, not being able to ascertain where or to whom the child belonged, took him on board the train and carried him to Port Huron. For the injuries thus received this suit was brought.

The negligence relied upon by plaintiff for a recovery against the defendant was—*first*, the company ran its train at too high rate of speed, and failed to keep proper lookout; *second*, it failed to fence the road as required by statute; *third*, it did not ring the bell or sound the whistle at the highway crossing. The defendant denied all negligence upon its part; denied that it was required to fence its road against the plaintiff; and claims the parents were guilty of contributory negligence in allowing so young a child as the plaintiff to go upon the defendant's track. Upon the testi-

mony given, and under the charge of the court, a verdict was obtained by the defendant. After a careful review of the case and the rulings of the court, we do not think the judgment in this case can be sustained.

Upon the first point it appears that the country at the place and in the vicinity of where the accident occurred was somewhat low and wet, and grown up to brush and berry bushes, and though sparsely settled, was occasionally visited by persons in the vicinity, and others who gathered berries. There were two road crossings within three-quarters of a mile of where the plaintiff was struck by the train. The engineer of the train was sworn on behalf of defendant, and gave evidence tending to show that the train was running at the rate of thirty or thirty-five miles per hour; that with the number of cars composing the train, it could not be stopped at a less distance than from four to five hundred feet; that when he first saw the plaintiff upon the track his engine was from three thousand feet to two thousand five hundred feet from him, and he resembled a stick of wood lying upon the track; that he was lying down; that when he first discovered that it was a child which he saw his engine was about twelve hundred feet from the plaintiff.

The court charged the jury upon this point, among other things, that " at the point where the accident occurred there was no house in the immediate vicinity of the track, but it was swampy, unoccupied land on either side of the road, and not a place frequented by children, nor where infants of the tender age of this one might reasonably be expected to stroll upon the track; and there is nothing in evidence warranting the assumption that employes of the defendant were required to keep a vigilant lookout in this locality.   *   *   * The law does not require danger-signals to be given, except at public crossings or places frequented by persons, or where they may be expected to be, and no one, whether young or old, has a right to walk along the railroad track or use it as a highway, and if he does so, he must take the consequences of his acts.   *   *   *   The only question that is left for you to consider and determine is whether the engineer and fire-

man in charge of the engine that struck this child, after they discovered him and realized the fact that he was of that age that he was possibly helpless to take care of himself and get off from the track, did all that an ordinary, prudent, and careful engineer and fireman should have done under the circumstances, warning the child of his danger and stopping the train, and thereby avoid, if possible, killing or injuring him."

Upon the facts appearing upon this record, and which are undisputed, the law as laid down in these several charges was not correct. It is apparent from the record that something made its appearance upon the track, indicating danger a long way ahead of the train, and evidently in a locality where it would least be expected. It was discovered by both the engineer and the fireman. The occurrence was of a character to call for increased vigilance on the part of defendant's train-men in determining the character of the apparent obstruction. It should have, at least, caused the engineer to slow down the speed of his engine to such a rate that, in approaching it, he could have stopped his train, if necessary, to prevent injury before reaching the object of danger. The safety of the passengers, as well as that of the plaintiff, under all the circumstances, I think, required this to be done.

The evidence also presents a case where a sharp lookout was required and should have been kept by the employes on the train. I do not think that an infant boy, only two years and six months old, walking or lying down upon the track of a railroad, becomes a trespasser to the extent of subjecting himself, without the right of redress, to the recklessness, or negligent acts or omission of the defendant, by which he is deprived of his health, his limbs, or his life. Under all the circumstances stated in the record, I do not think that such a lookout as was called for by the appearance of the child upon the track was observed by the train-men, nor that the plaintiff is "compelled to submit" to consequences so serious as those appearing in this case, because he strayed upon the defendant's track, when the injury could have apparently been avoided by proper care and caution exercised by defendant's engineer ; neither do I think such care and caution were

shown upon the part of the defendant. The charge was misleading upon this point, and prejudicially so to the defendant.

The next subject claiming attention is that relating to fences. Was the omission of the company to fence its track proper matter to be taken into consideration by the jury upon the subject of negligence on the part of defendant? I think it was, and that the question was substantially settled in this Court in the case of *Marcott v. Marquette, H. & O. R. Co.* 47 Mich. 9. In that case this Court, in speaking of the requirement to fence the track, said the propriety of fencing "is explicitly declared (in the statute), and the company required to use diligence not to incur risks from the want of it." And, again, when the same case was before this Court, 49 Mich. 99, it held that a charge to the jury to the effect "that if a construction of a fence at the place of injury would have prevented the accident and saved the child, then it was negligent in defendant not to have had a fence there," was eminently fair, referring to the charge requested by plaintiff's counsel.

The object of the statute requiring the company to fence its track was to prevent injury from passing trains to persons and animals coming upon and using the same, and when an injury occurs without fault of the plaintiff to either in consequence of the neglect of the company to maintain the required fence, it must be held such negligence as will authorize a remedy. The child in this case was too young to know or understand anything of the danger or consequences of going upon the track before a passing train, and, of course, no wrong, fault or negligence could properly be attributed to him in going where he did, or in doing what he did.

The statute requires the defendant to fence its road with a good fence, four and one-half feet high. It seems to me that it cannot be successfully contended that such a fence would not have been a very formidable obstruction to the child's going upon the defendant's right of way. It may have been sufficient to prevent his going there entirely, and,

if so, evidence of the negligence of the company to place the fence there was competent and material.

Counsel for plaintiff requested the court to charge the jury that " by the statute it is made the duty of the railroad company to fence both sides of its track, and if, for want of proper fences, injury results to a child, it was negligence on the part of the company to fail so to fence." This the court refused, and charged the jury : " In this case you will not consider any evidence in regard to the fact that there was no fence upon the sides of the defendant's railroad." I think the charge thus given, as well as the refusal of the court to charge as requested, were both erroneous.

The question of the parents' negligence in this case, under the circumstances was one for the jury, and therefore needs no further attention. Neither is it necessary to consider the third ground of negligence relied upon by plaintiff's counsel.

For the errors herein stated I think the judgment should be reversed and a new trial granted.

CAMPBELL, J. concurred. COOLEY, C. J. and CHAMPLIN, J. concurred in the result.