[No. 12481.   In Bank. — June 12, 1890.]

# JOHN MUNRO, ADMINISTATOR, ETC., APPELLANT, v. PACIFIC COAST DREDGING AND RECLAMATION COMPANY, RESPONDENT.

PLEADING — CAPACITY OF ADMINISTRATOR TO SUE — JURISDICTION — ORDER DULY GIVEN AND MADE. — In pleading the facts showing the capacity of an administrator to sue, it is sufficient to aver the facts constituting his appointment under a petition for letters in the superior court by an order of that court duly given and made, and his qualifications and the issuance of letters under such appointment, without averring the facts giving jurisdiction to the superior court.

NEGLIGENCE — EXPLOSION OF BLAST — ACTION FOR DEATH — INSTRUCTION REFERRING TO COMPLAINT. — An instruction, in an action for death caused by negligence of defendant in exploding a blast, that if the defendant, through its agents, servants, and employees, fired and exploded the blast, as charged in the complaint, and that it resulted in the death, etc., plaintiff is entitled to recover, sufficiently presents to the jury the issue of carelessness and negligence tendered by the complaint.

ID. — VOLUNTARY EXPLOSION IN CITY — CARE AND SKILL NO EXCUSE. — Where death is caused by the voluntary explosion of a blast by a dredging company in a thickly settled portion of a city, no degree of care and skill in exploding the blast, not even the highest and utmost care and skill employed by skillful and experienced men, will excuse the company from responsibility where death was caused by the explosion.

ID. — EVIDENCE OF WIDE-SPREAD RESULTS OF EXPLOSION. — It is not error, in an action for such death, to permit proof that the effect of the explosion was to injure adjoining houses other than that in which the deceased resided.

ID. — EVIDENCE OF COMPLAINT OF DECEASED. — Evidence is admissible in such action to show that the deceased, after the injury from the explosion which resulted in his death, complained of vertigo and dizziness.

ID. — CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS. — In such action, when there is no evidence of contributory negligence on the part of the deceased, the doctrine of such negligence may be properly ignored in the instructions of the court.

ID. — PARTIES TO ACTION FOR DEATH — CONSTRUCTION OF CODE. — By section 377 of the Code of Civil Procedure but one action is permitted, and that action may be brought either by the heirs of the deceased or by his personal representatives; and when one action is brought, that is the only action which the statute permits.

ID. — ABATEMENT — ANOTHER ACTION PENDING — ESTOPPEL. — When one action for death has been brought, either by the heirs or by the personal representative of the deceased, in another action brought by either, the pendency of the prior action may be pleaded in abatement, or the judgment rendered therein may be pleaded in bar of the second action.

ID. — ACTION BY PERSONAL REPRESENTATIVE — DAMAGES — PECUNIARY LOSS
OF HEIRS. — An action for death brought by the personal representative
of the deceased is permitted by the statute to be maintained for the
benefit of the heirs, and the pecuniary loss which the heirs might sustain
by the death is one of the circumstances to be considered in fixing such
damages as, under all the circumstances of the case, may be just.

ID. — REMOTE DAMAGES — GRIEF AND MENTAL SUFFERING OF KINDRED —
LOSS OF SOCIETY AND PROTECTION. — The sorrow, grief, and mental suf-
fering of a mother or wife of the deceased are not included in the
circumstances to be considered, under section 377 of the Code of Civil
Procedure, and no damages can be allowed therefor, though the jury
may take into consideration the loss of the comfort, society, and protec-
tion of the deceased.

ID. — COMPENSATORY DAMAGES. — The damages in such action can only be
compensatory, and not exemplary or vindictive; and must be confined
to the pecuniary loss suffered by the kindred, and their loss of the com-
fort, society, support, and protection of the deceased.

ID. — ACTION FOR DEATH STATUTORY — NO TRANSFER OF RIGHT. — The
action given by the statute for a death caused by negligence is a new
action, and not the transfer to the representative of the right of action
which the deceased person would have had if he had survived the injury.

ID. — RECOVERY BY ADMINISTRATOR — DAMAGES FOR DEATH NOT ASSETS
OF ESTATE. — The damages recovered by an administrator for the death
of the decedent, caused by negligence, are for the benefit of the heir or
heirs, and do not constitute any part of the estate of the deceased.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The complaint contained the following allegations as
to the appointment of plaintiff as administrator of the
deceased: " That on the twenty-sixth day of June, 1885,
John Munro, the plaintiff, filed a petition for letters of
administration on the estate of said Michael Stanton, in
the superior court of said city and county, department 9,
probate; that thereafter such proceedings were had that
on the seventh day of July, 1885, said court, by an order
duly given and made, appointed the plaintiff sole admin-
istrator of said estate, and thereafter, on the seventeenth
day of July, 1885, the plaintiff qualified as such adminis-
trator, and letters of administration issued to him on the
thirty-first day of July, 1885, and said letters have never
been revoked." The complaint was demurred to, on the

ground that plaintiff has not legal capacity to sue, and that it is ambiguous as to the capacity in which plaintiff sues, and shows a misjoinder of causes of action, and does not state a cause of action.   The plaintiff was allowed to prove, against defendant's objection, that other houses adjoining that in which the deceased lived were injured by the explosion complained of, and also that, after the injury, the deceased complained of vertigo and dizziness in the head.   The further facts are stated in the opinion of the court.

*T. C. Coogan,* and *W. W. Foote,* for Appellant.

The description of the plaintiff as administrator is mere *descriptio personæ.*   The complaint does not show that deceased was a resident of San Francisco at the time of his death, or any fact showing the jurisdiction of the superior court to entertain a petition for letters. There is a misjoinder of causes of action, in favor of plaintiff individually, and as administrator, and in favor of the heirs of deceased. . (*Judah* v. *Fredericks,* 57 Cal. 389; *Dias* v. *Phillips,* 59 Cal. 293.)   The court erred in allowing proof of damage from the blast to the house of another than plaintiff, as such proof could only mislead the jury to defendant's prejudice. The court erred in permitting proof that deceased complained of vertigo and dizziness.   The action was not brought to recover for his pain and suffering.   (*Cook* v. *Clay St. R. R. Co.,* 60 Cal. 604.)   Plaintiff was not entitled to recover, and there should have been a nonsuit, as there was no proof of negligence of defendant.   (Civ. Code, sec. 1417; *Shaw* v. *Crocker,* 42 Cal. 435.)   The instruction for the allowance of damages for the sorrow, grief, and mental suffering of the mother of the deceased was manifestly incorrect.   (*Lehman* v. *City of Brooklyn,* 29 Barb. 234; *Durkee* v. *C. P. R. R. Co.,* 56 Cal. 388; 38 Am. Rep. 59.)   Only pecuniary loss to the survivors will entitle them to recover.   (*Chicago etc. R. R. Co.* v. *Mor-*

*ris*, 26 Ill. 400; *Kessler* v. *Smith*, 66 N. C. 154; *Demorest* v. *Little*, 47 N. J. L. 28.)

*James C. Cary*, and *J. D. Sullivan*, for Respondent.

The facts giving jurisdiction to the superior court were not required to be pleaded. (Code Civ. Proc., sec. 456; *Judah* v. *Fredericks*, 57 Cal. 389.) The defendant was liable for damages for blasting in close proximity to a public street, without proof of negligence. (*Colton* v. *Onderdonk*, 69 Cal. 155; *Hayes* v. *Cohoes Co.*, 2 N. Y. 159.) It was not error to admit proof showing the widespread effect of the explosion; even proof of damages from other blasts would be admissible. (*Butcher* v. *Vaca Valley R. R. Co.*, 67 Cal. 518; *Craven* v. *Cent. Pac. R. R. Co.*, 72 Cal. 349.)

THORNTON, J. — This action is brought to recover damages for death caused by the negligent explosion by defendant of a blast in the city of San Francisco, whereby the plaintiff's intestate was killed.

The demurrer to the complaint was properly overruled. The allegations as to the appointment of Munro as administrator of the deceased, Stanton, were sufficient.

The court committed no error in its rulings on the admission of testimony.

The court gave, at the request of plaintiff, the following instruction to the jury:—

"If you find, from the evidence, that the defendant through its agents, servants, and employees, fired and exploded the blast, as charged by the plaintiff's complaint, and that it resulted in the death of Michael Stanton, the plaintiff's intestate, then the plaintiff is entitled to recover such damages as, from the evidence and proofs, under all the circumstances of the case, you may deem to be just."

To the giving of this instruction the defendant excepted.

It is contended now, on behalf of defendant, that this direction was erroneous, because it removed from the jury the consideration of all the issues, except that the defendant fired and exploded the blast, and that it resulted in Stanton's death; that there were other issues in the case, but by this instruction they were brushed aside.

We find no error in this instruction. The language in the first clause, that "the defendant, through its agents, servants, and employees, fired and exploded the blast," is qualified by the words "as charged in the plaintiff's complaint"; and the complaint set forth a careless and negligent explosion of the blast. In our judgment, the direction embraced all the material issues in the complaint, the finding on which was necessary to establish the cause of action against the defendant.

The giving of the following instruction by the court is likewise excepted to:—

"It is no defense or answer to an action of this character that defendant, in exploding the blast in question, used and employed skillful and experienced men, and in everything appertaining to blasting it used and exercised the highest degree of care; and I charge you that defendant is liable to damages for the death of said Michael Stanton if you find that his death resulted from the firing of the blast in question, even if it used the highest and utmost care and skill in firing and exploding it."

We perceive no error in the above direction. The evidence shows clearly that this blast was exploded in a thickly settled portion of the city. We are of opinion that no degree of care will excuse a person, where death was caused by such explosion, from responsibility for it.

It is said that the above instructions ignore the doctrine of contributory negligence. As there was no evidence of contributory negligence in the cause, the doctrine of such negligence was properly ignored.

The court also directed the jury as follows:—

"3. If your verdict shall be for the plaintiff, such damages may be given by you as, under all the circumstances of the case, may be just. And in determining the amount of such damages, you have the right to take into consideration the pecuniary loss, if any, suffered by the mother of Michael Stanton by his death, if you find that his mother is living. And the loss which the plaintiff is, in such a case as this, entitled to recover, is what the deceased would have probably earned and accumulated by his labor in his business or calling during the residue of his life, and which would have gone to the benefit of his mother, or heirs, or personal representatives, taking into consideration his age, health, habits of industry, ability and disposition to labor, and the probability of his length of life.

"4. I further instruct you, if, from the evidence, you should find for the plaintiff, then the measure of damages is not alone the pecuniary loss and injury sustained by the mother in the loss of her son, as just explained, but in assessing the damages then, you may, in addition, take into consideration the sorrow, grief, and mental suffering occasioned by his death to his mother, together with the loss, if any, sustained by her in being deprived of the comfort, society, support, and protection of the deceased by reason of his death."

As no question is made on the remainder of this instruction, we do not insert it.

To the giving of these instructions, exceptions were reserved by defendant, and it is said, on behalf of defendant, that the court erred in giving them. Our attention is particularly directed to the following portion of instruction 3: "And that, in determining the amount of such damages, you have the right to take into consideration the pecuniary loss, if any, suffered by the mother of Michael Stanton by his death"; and the following portion of instruction 4: "The sorrow, grief, and mental

suffering occasioned by his death to his mother, together with the loss, if any, sustained by her in being deprived of the comfort, society, support, and protection of deceased by reason of his death."

Now, in regard to the above-quoted portion of instruction 3, it is argued the mother of Michael Stanton was not the party plaintiff; that the action was not brought by the heirs of the deceased, but by his personal representative; that this action is brought under section 377 of the Code of Civil Procedure. That section is in these words:—

"Sec. 377. When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as, under all the circumstances of the case, may be just."

In connection with this section, our attention is called to the act of 1862 (Stats. 1862, p. 447), and it is said that section 3 of that act prescribed that the action should be brought by the personal representative of the deceased alone, and prescribed the rule of damages in these words: "The jury may give such damages, pecuniary and exemplary, as they shall deem fair and just, *and may take into consideration the pecuniary injury resulting from such death to the wife and next of kin of such deceased person,*" and that, when enacted in the code, the words in italics were omitted therefrom. The counsel for defendant proceeds to give the reason for this change in the enactment. The reason so given by counsel is, that the heirs were given the right to maintain the action, and hence its re-enactment was not necessary, because, in an action brought by them, as a matter of course, *their* pecuniary injuries should be taken into consideration.

We do not think that such is the proper construction of section 377. In our judgment but one action is permitted, and that action may be brought either by the heirs of the deceased, *or* by his personal representatives; and when one action is brought, and the court has obtained jurisdiction of it, that is the only action which the statute permits; as, for instance, when the personal representative of the deceased brings an action to recover damages for the act or neglect causing death, if another action is afterward brought by the heirs of the deceased, the pendency of the prior action may be well pleaded in abatement of it; or if a judgment has been rendered in the first, such judgment may be well pleaded in bar of the second action.

The question made on the instruction above pointed out must primarily relate to the circumstances which may be given in evidence on the issue of damage, and on that point the statute is very broad and general in its terms. Such damage may be given as, under all the circumstances of the case, may be just, is the language of the statute. What these circumstances are may be a matter of difficulty in all cases to determine. It would be almost impossible to draw *a priori* the line which separates the circumstances which should be admitted from those which should be excluded. The exact line of inclusion and exclusion it would be hard to determine in advance of the circumstances of any particular case. Here the circumstances are defined in the instruction. As to the portion of instruction 3 objected to, we think that it was correct. The action is permitted by the statute to be maintained for the benefit of the heirs. Certainly the pecuniary loss which the heirs might sustain by the death is clearly one of the circumstances to be considered. (*Chicago* v. *Major*, 18 Ill. 349; *Chicago and Rock Island R. R. Co.* v. *Morris*, 26 Ill. 400; *Blake* v. *Midland R'y Co.*, 18 Q. B. 93.) This is true under all the statutes giving an action on account of the death of

a person, under 9 and 10 Victoria, chapter 93, known as Lord Campbell's act, as well as under the acts of the same character which have been enacted in the various states of the Union. The damage is to the heirs, and certainly the pecuniary loss to the heirs is one of the principal elements of damage. There was no error in the portion of instruction 3 assailed by defendant.

As to the portion of instruction 4 above quoted, there is more difficulty. It has been held in an English case that the jury should not be allowed to take into consideration the mental sufferings or bereavement of the plaintiff for the loss of her husband. (*Blake* v. *Midland R'y Co.*, 18 Q. B. 93.) In this case the widow of the deceased, as administratrix, was the plaintiff. In the case cited, Justice Coleridge said:—

"The title of this act [referring to Lord Campbell's act] may be some guide to its meaning, and it is *an act for compensating the families of persons killed,* not for solacing their wounded feelings. Reliance was placed upon the first section, which states in what cases the newly given action may be maintained, although death has ensued, the argument being that the party injured, if he had recovered, would have been entitled to a *solatium,* and therefore so shall his representatives on his death. But it will be evident that this act does not transfer this right of action to his representative, but gives to the representative a totally new right of action on different principles. Section 2 enacts that ' in every such action the jury may give such damages as they may think proportionate to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought. The measure of damage is not the loss or suffering of the deceased, but the injury resulting from his death to his family.'

"In *Franklin* v. *Southeastern R'y Co.*, 3 Hurl. & N. 211, and in *Taulton* v. *Southeastern R'y Co.*, 4 Com. B., N. S., 296, suits were maintained on account of the death of

sons for the benefit of parents, and damages allowed to be assessed on the basis of reasonable expectation on the part of the latter, or pecuniary benefit to be derived from the continuance of their sons' lives; but in the latter case the expenses of funeral and mourning were disallowed, Mr. Justice Willes saying that ' the subject-matter of the statute is compensation for injury by reason of the relative not being alive.'" (See also *Chicago and Rock Island R. R. Co* v. *Morris,* 26 Ill. 400; *Bradshaw* v. *Lancashire and Yorkshire R'y Co.,* L. R. 10 Com. P. 189; *Leggott* v. *Great Northern R'y Co.,* L. R. 1 Q. B. Div. 599.)

We agree with what is said in the opinion above quoted, that the action given by the statute is a new action, and not the transfer to the representative of the right of action which the deceased person would have had if he had survived the injury. (*Blake* v. *Midland R'y Co.,* 18 Q. B. 93; *Pym* v. *Great Northern R'y Co.,* 2 Best & S. 759; *Read* v. *Great Eastern R'y Co.,* L. R. 3 Q. B. 555; *Safford* v. *Drew,* 3 Duer, 627; *Chicago and Rock Island R. R. Co.* v. *Morris,* 26 Ill. 400.)

It may be observed that the language of the statute of this state, section 377 of the Code of Civil Procedure, is broader than the language of the English statute. (The English statute may be found in 2 Redfield on Railways, 6th ed., 287.) Under the words of the section, we are of opinion that the circumstances mentioned in it do not include the sorrow, grief, or mental suffering occasioned by the death of Michael Stanton to his mother.

The extent of the sorrow, grief, and mental suffering was not shown to the jury by any testimony. It was left to be inferred as a natural result of the death of the son. Whether such grief was overwhelming, or of a light and transient character, did not appear. The extent and character of the sorrow and grief were left to be conjectured or guessed at by the jury, with the right conceded to the jury of finding such grief and sorrow to be extreme, should they so elect. The opportunity to

run into wild and excessive verdicts would be allowed them if the rule was as contended by plaintiff. The standard would be too vague and uncertain to be established as a rule of law for the admeasurement of the rights of parties. *Misera est servitus ubi jus est vagum aut incertum.*

In allowing the jury to take into consideration the loss of the comfort, society, and protection of deceased, we think we have gone far enough, but this we think should be allowed in the case of a wife, as in Beeson's case, or a mother.

We have found no case in which damages for sorrow, grief, and mental suffering are allowed under any of the statutes. We have examined the cases cited on behalf of the plaintiff, and they affirm no such proposition. (See *Blake* v. *Midland Railway Co.*, 18 Q. B. 93; *Chicago and Rock Island R. R. Co.* v. *Morris*, 26 Ill. 400.) In *Beeson* v. *Green Mountain G. M. Co.*, 57 Cal. 20, no such damages were allowed. The action in that case was by the widow of the deceased, as heir, and an instruction that in estimating damages the jury might take into consideration the pecuniary loss, and also the relations existing between the plaintiff and the deceased at the time of his death, and the injury sustained by her in the loss of his society, was approved. (Page 33.) In the case of *McKeever* v. *Market Street R. R. Co.*, 59 Cal. 294, the question did not arise. (See pages 300, 301.) In *Cook* v. *Clay Street H. R. R. Co.*, 60 Cal. 604, no such question arose or was decided. Nor did it arise in *Nehrbas* v. *C. P. R. R. Co.*, 62 Cal. 320. The sorrow, grief, and mental suffering of the mother, in our judgment, was too remote a circumstance to be taken into consideration in the estimate of damages, and was not allowable under our statute.

Judge Redfield, in the sixth edition of his work on railways, states: "There seems no doubt, according to the best-considered cases in this country, that the men-

tal anguish which is the natural result of the injury may be taken into account in estimating damages, though not that it is a foundation for an action" (and the same statement is made in the third edition of the same work), and cites, to sustain his statement, *Canning* v. *Williamstown*, 1 Cush. 451, and *Morse* v. *Auburn and Syracuse Railroad Co.*, 10 Barb. 623. In neither of these cases did the question arise. The first was an action by the party injured against a town, under a statute, to recover damages for an injury sustained by the plaintiff in consequence of a defect in a bridge in the town of Williamstown; the second case was an action brought by a passenger injured on the cars of the defendant company. Neither of the actions was to recover damages for the death of any person.

In *State* v. *Baltimore and Ohio Railroad Co.*, 24 Md. 85, there is the same criticism of the remark of Judge Redfield, above quoted, in relation to damages caused by mental anguish. (See pages 106, 107.) And in this case from Maryland, which was an action for the benefit of the mother to recover damages for the death of her minor son, brought under the Maryland statute, it was held that the mental suffering of the mother resulting from the death of the child was a matter too vague to enter into the estimate of the damages merely compensatory.

In a note on page 288 of 2 Redfield on Railways, 6th edition, it is stated: "In a suit by a parent for the death of a child, recovery can be had only for the pecuniary injury, the services of the child, less cost of maintenance (*Pennsylvania R. R. Co.* v. *Lilly*, 73 Ind. 252; *St. Louis etc. R'y Co.* v. *Freemont*, 36 Ark. 41; *International etc. R. R. Co.* v. *Kindred*, 57 Tex. 491; *Rockford etc. R. R. Co.* v. *Delaney*, 82 Ill. 198; 25 Am. Rep. 308; see *Walters* v. *Chicago etc. R. R. Co.*, 41 Iowa, 71), including medical attendance, nursing, and expenses of burial, but no grief and loss of society, etc. (*Little Rock etc. R. R. Co.* v. *Bar-*

*ker*, 33 Ark. 350.   See *Barley* v. *Chicago etc. R. R. Co.*, 4 Biss. 430.)" This note is by the editor of the sixth edition, Mr. J. Kendrick Kinney.

We are of opinion that the court erred in including in the instruction the words "sorrow, grief, and mental suffering occasioned by the death of his son to his mother." In thus directing the jury, the court fell into an error. In our opinion the damage should be confined to the pecuniary loss suffered by the mother, and the loss of the comfort, society, support, and protection of deceased.

The court did not err in refusing the requests of defendant Nos. 1, 2, 3, 4, and 7. All of these instructions, under the facts of the case, would have been misleading. The evidence clearly showed both a wrongful act and neglect on the part of the defendant. It is a wrongful act to explode a blast of powder in a thickly settled portion of a city, as was done in this case. The uncontradicted testimony showed a clear case of explosion in the city, where many persons were living, and where such an explosion could not take place without strong probability of its injuring some one.

The defendant requested the court to instruct the jury as follows: —

" The jury have no right to give exemplary or vindictive damages, but are confined to the actual pecuniary damage suffered by the estate of Michael Stanton, deceased."

The court refused to give this instruction as requested, but modified the same so as to read as follows: —

" The jury have no right to give exemplary or vindictive damages, but are confined to the actual pecuniary damage suffered by the estate of Michael Stanton, deceased; but in this connection I charge you that the law also permits a jury to make allowance for such a sum as may seem fair and just for sorrow, suffering, and mental anguish occasioned to her by the death."

To the refusal of the court to give the instruction as

requested, and in giving the modified instruction, the defendant excepted.

In refusing the request as made, the court committed no error of which the defendant can complain; but in giving it as modified, it did fall into an error, as has been shown above.

In relation to the seventh request of defendant, we remark that it related to a matter entirely immaterial in this case. The damages recovered are for the benefit of the heir or heirs, and do not constitute any part of the estate of the deceased. (*Leggott* v. *Great Northern R'y Co.*, 1 Q. B. Div. 599; *Chicago etc. R. R. Co.* v. *Morris*, 26 Ill. 400.) The action is a new one given by the statute, and the damages recovered are, as said above, for the benefit of the heirs. Clearly, they can be no part of the assets of the deceased.

For the errors above pointed out, the judgment is reversed, and the cause remanded for a new trial.

McFARLAND, J., and Fox, J., concurred.

WORKS, J., concurred in the judgment.

BEATTY, C. J., dissented.