## WILLIAM E. HYDE, RESPONDENT, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

NEGLIGENCE.—KILLING OF CHILD.—MEASURE OF DAMAGES.—Where the court charged that they might take into account, in assessing the damages in an action brought by a father for the negligent killing of his infant child, "the comfort that the parent might take with the child in rearing it and bringing it up," along with other proper elements of damage; *held,* in the absence of any appearance of excessiveness in the verdict not to be error.

ID.—ID.—EVIDENCE.—It was error for the court in an action for the death of a child, to permit the question to be asked as to what was the effect of the death of the child upon the father, and to be answered to the effect that he appeared to be deeply grieved, but, where the verdict is for a comparatively small amount, the cause will not be reversed, since it appears that no prejudice was caused thereby.

ID.—ID.—CONTRIBUTORY NEGLIGENCE.—TRESPASSER.—Where it appeared that a child four years old lay down and went to sleep upon defendant's railroad track at a point where children were frequently on the track, and was there killed by defendants's train, whose engineer saw the child when the train was from 200 to 300 yards away, but did not slacken speed until within thirty feet of where the child lay, because he did not know what it was; *held,* that even if the child were guilty of contributory negligence, yet the defendant having had a clear opportunity of avoiding the accident after the deceased child's negligence, was solely responsible for the injury, and the child was not such a trespasser as to bar a recovery.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

The instructions of the court upon the point of negli-

gence on the part of the child and its parents were as follows: "Now another claim is made in this case, and that is that the agents of the company, that is, the engineer and fireman upon the train, as they approached this child, either did or could have seen it,   *   *   * and if you should find, as a matter of fact, that they did see this child; or if they saw an object, and from the proximity of settlements, and the places where there were children, they ought, in the exercise of good judgment and sound discretion, to have known it was probably a human being; or if approaching railroad crossings where there were houses and people residing close by, they failed to keep such a look-out as they ought to have kept, and that they ought to have seen that child, and run upon it, then the plaintiff would have a right to recover in this case, no matter whether he contributed to the injury by his negligence or not, because the negligence would be wanton and was careless." The court further charged the jury that the negligence of the parents would bar a recovery, and that their care must be proportioned to the circumstances and the place. No question seems to have been made upon the point that the court charged that the husband could recover for both parents' damages.

*Mr. Parley L. Williams,* for the appellant.

*Mr. Joseph L. Rawlins,* for the respondent.

ANDERSON, J.:

This is an action by the plaintiff to recover damages for the death of his infant son, aged between four and five years, whose death is alleged to have been caused by the negligence of the defendant. The plaintiff lived at

Honeyville, a small vilage on the line of the defendant's road, and was in the employ of the defendant as a section hand at the time of the accident; his house being situated about a quarter of a mile from the railroad track. On the day of the accident the plaintiff was at work on the line of the defendant's road several miles from his home. The mother of the child was away from home, and the evidence fails to disclose when she went away, or whether the child was left in the care of any one. There were five children in all in the family, but their ages are not shown by the evidence. The child wandered away from home, and went to sleep between the rails of the track of the defendant's road, at a point in the village of Honeyville near where a public highway crosses the railroad track, upon which there is considerable travel, and was run over by a train of cars and killed. There was a store close by, and a school-house not far off, and children were frequently on and along the track at this point. The accident occurred about noon, on a clear day in the month of July. The train was a work train, composed of a locomotive, tender, and ten cars, and was running with the tender in front of the engine.

Both the engineer and the fireman testified that they saw the child when it was from 200 to 300 yards away, but thought it was a piece of cloth or paper, and could not tell what it was until they got within about thirty feet of where it lay, when they discovered it was a child by seeing its hair, but that it was then too late to stop the train before reaching it. They further testified that they did not slacken the speed of the train when they saw the object on the track until they ascertained it was a child, when they immediately did all they could to stop the train as seon as possible, but that the train

could not be stopped in a less distance than about 125 feet. At the trial a witness was asked the following question: "I will ask you if you observed the effect, if any, which the death of this child had upon his father when you saw him there." The witness was permitted to answer this question over the objection of the defendant, his answer being as follows: "I noticed he was very much grieved, from his moaning and speaking of his child." Permitting this question to be asked and answered, together with the instructions of the court on the measure of damages, is claimed to be contrary to the rule laid down by this court in *Webb* v. *Railway Co.*, *ante*, 24 Pac. Rep. 616, and the case of *Munroe* v. *Dredging, etc., Co.*, 84 Cal. 515, 24 Pac. Rep. 303.

The instructions of the court on the subject of the measure of damages were as follows: "Now, if you pass both of these questions in favor of the plaintiff, then you would come to the question of damages,—the amount that should be assessed in favor of the plaintiff for the damages that he has sustained; and in determining that question, you are to take into consideration all the circumstances of the case, the age of the child, the kind of child that it was, and take into consideration the assistance that it might be to the parents in future years; and you may also take into account the loss of society, and the comfort that the parents might take with this child in rearing it and bringing it up, and the reliance that they could place upon it in the future years for their support and maintenance, and you can take into account all these things in determining what they should receive as compensation for the loss they have sustained. It should not be determined in a mere sentimental way. It should be determined in as nearly a business way as it is possible for jurors to determine such questions, and

determine it judicially and reasonably, and not in a vindictive way, but determine it fairly and reasonably, having in view compensation to the parents for the loss they have sustained; and, when you have determined that, that would be the amount of your verdict." The part of the instructions which is objected to is that which says to the jury that they might consider "the comfort that the parents might take with this child in rearing it and bringing it up."

It is contended in argument that the testimony objected to, together with the instructions, authorized the jury to give damages for the mental anguish of the father for the death of his child. We think the court erred in permitting the witness to testify that the father appeared grieved by the death of his son, but we do not think the defendant could have been prejudiced by it; for it was a natural if not necessary inference, which the jury would have drawn from the fact of the death of his child without such evidence, that the father should feel grieved. It was held by this Court in *Webb* v. *Railway Co.*, *supra*, that the mental anguish or suffering of the surviving relatives of the deceased was not an element of damage for which a recovery could be had, and we do not think the instructions given in the present case can fairly be construed to lay down a different rule. To say to the jury that they might consider "the comfort that the parents might take with this child in rearing it and bringing it up" is but slightly, if any, different from saying to them that they might take into account the loss to the parents of the society of the child; and, as the amount of the verdict ($2,000) is not claimed to be excessive, we think the defendant suffered no prejudice because of the rulings of the court.

It is contended that the plaintiff was guilty of such

contributory negligence in permitting a child of such tender years to get upon the track of the railroad unattended by some older person that he ought not to be permitted to recover. The questions of the negligence of the parents and of the railroad company were submitted to the jury under proper instructions by the court, to which no objection is taken, and we see no reason for disturbing their verdict on the ground that it is not supported by the evidence. But, even if the parents were guilty of contributory negligence, we think, under the circumstances of this case, such negligence should not defeat a recovery. Although an injured party may be guilty of negligence contributing to the injury complained of, yet he is entitled to recover against a defendant who, after discovering the plaintiff's negligence, fails to use due diligence to prevent accident, but who goes' ahead wantonly or recklessly and commits the injury. It is now the well-settled law that "the party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible." 1 Shear. & R. Neg. § 99, and cases cited. See, also, Beach. Contrib. Neg. p. 58, § 18; 1 Redf. R. R. (6th ed.) p. 225.

The case of *Keyser* v. *Railway Co.*, 56 Mich. 559, 23 N. W. Rep. 311, was very similar in its material facts to the case at bar. In that case a child two years and six months old strayed upon the defendant's track, and was lying down between the rails when it was struck by the engine and seriously injured. The country where the accident occurred was low and wet, and grown up to brush and berry bushes, and but sparsely settled, and a locality where to find a child upon the track would be least expected. The train was running at the rate of thirty or thirty-five miles per hour, and could not be stopped in a less distance than from 400 to 500 feet.

The child was seen by the engineer and fireman when the engine was about 3,000 to 2,500 feet from him, but they thought it was a pig or a stick of wood until the engine was within about 1,200 feet of him. The court held that it was negligence as a matter of law for the engineer not to "slow down the speed of his engine to such a rate that, in approaching it, he could have stopped his train, if necessary, to prevent injury before reaching the object of danger." See same case in 66 Mich. 391, 33 N. W. Rep. 867. We think in this case that, when the servants of the defendant saw an object on the track, in a place frequented by children and others, and failed to slacken the speed of the engine so as to be able to stop the train before striking the child, it was negligence, and that plaintiff's child was not such a trespasser as to prevent a recovery against the defendant for the reckless or negligent acts of the defendant, when the injury could have been avoided by proper care and caution by defendant's engineer. The judgment of the court below is affirmed.

ZANE, C. J., BLACKBURN, J., and MINER, J., concurred.