### INJURY FROM EXPLOSION OF A BLAST.

Circuit Court of Columbiana County.

MERCER, ADMINISTRATOR, v. WHITE ET AL.

Decided, October Term, 1907.

*Blasting—Resort to, in a Populous District—Precautions Against In-*
*jury Disregarded—Explosion of Blast not Negligence per se, When*
*—Use of Streets in Erection of New and Removal of Old Buildings*
*—Nuisance—Verdict Properly Directed for Defendants.*

Where the owner of a burned building situated in a populous city,
desiring to demolish a wall with dynamite—for the purpose of
erecting a new building, that being the only practicable means—
secures the consent of the street commissioner to such dynamiting
and before putting off the blast stretches ropes across all streets
leading to the building for the purpose of keeping all pedestrians
at a safe distance, and a young man knowing the object and pur-
pose of the ropes goes with others under the ropes and up the
street through curiosity to a point much nearer the building and
is hit with a flying brick and is killed, when if he had kept out-
side the ropes he would have been in perfect safety, the owner of
the building and his contractor who put off the blast are not liable
in damages for his death.

*Charles Boyd* and *George D. Ingram,* for plaintiff in error.
*C. S. Speaker* and *F. E. Grosshans,* for defendants in error.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Error to Columbiana Common Pleas Court.

Lewis E. Moore, a young man, was killed at East Liverpool,
this county, by a flying brick caused by dynamiting a wall in
that city. There had been a large fire and there was one par-
ticular wall that was left standing that was difficult to demolish.
Jack screws were used without effect. Water was tried but, in
consequence of the low pressure, it was also ineffective, and from
the evidence it is apparent that the only practical way to re-
move the wall was by blasting with dynamite. No formal per-
mit was obtained from the city government to resort to blasting,

but the officers in the control of the streets were informed that such resort would be had and they consented thereto.

Before the blast was put off ropes were stretched across all streets and alleys at such a distance from the wall as was supposed to preclude the possibility of there being any danger beyond the ropes. The rope was stretched across Drury lane, the street upon which young Moore was killed, one hundred and ninety-five feet from the wall. No part of the wall or debris was thrown any material distance from the wall but this single brick; and the evidence by persons used to blasting with dynamite shows that is was a very unusual occurrence; that they had never heard of a similar case of a brick or a piece of brick being thrown such a distance before.

The street commissioner who had control of the streets was upon the ground at the time of the blasting, as were also a number of the city police and fire department, at the request of defendants in error—who were the owners of the building and the contractor in control of the work—for the purpose of warning all persons to keep beyond the ropes, which they did to the best of their ability; so that every precaution was taken to prevent injury from the blast. But it is claimed that blasting in a populous city is a nuisance and that whoever does so, does it at his peril, and that no amount of precaution will avail anything in case of injury.

In support of this position much reliance is placed by counsel upon the case of *Munro* v. *Pacific Coast Dredging & Reclamation Company,* decided by the Supreme Court of California, 24 Pacific Reporter, 303. In the opinion in that case it is said:

"The giving of the following instruction by the court is likewise excepted to: 'It is no defense or answer to an action of this character that defendant, in exploding the blast in question, used and employed skillful and experienced men, and in everything appertaining to blasting it used and exercised the highest degree of care; and I charge you that defendant is liable to damages for the death of said Michael Stanton, if you find that his death resulted from the firing of the blast in question, even if it used the highest and utmost care and skill in firing and explod-

ing it.' We preceive no error in the above direction. The evidence shows clearly that this blast was exploded in a thickly settled portion of the city. We are of opinion that no degree of care will excuse a person, where death was caused by such explosion, from responsibility for it. It is said that the above instructions ignore the doctrine of contributory negligence. As there was no evidence of contributory negligence in the cause, the doctrine of such negligence was properly ignored.''

We are not informed of the circumstances of the blasting in that case—whether it was being done in the erection or demolition of a building. Possibly it was being done in the prosecution of some character of business by a manufacturer or other person, which it seems to us would make a material difference.

In this case the old wall was being removed in order that a new building might be erected.

It is well settled that streets may be used temporarily by abutting proprietors in the erection of a building where due care is used in guarding the obstruction so that pedestrians are fully warned, and we can not see why the same may not be done when proper caution is used in taking away the debris for the purpose of erecting a building.

In the case of *Graetz* v. *McKenzie*, 35 Reporter, 377, the Supreme Court of Washington held :

''1. Blasting, in excavating for a building, so as to throw rocks on the street and adjacent property, is a nuisance; but giving fair warning of an impending blast absolves the excavators from damages for personal injuries, if the injured person failed to heed it.

''2. Where warning of an impending blast was given to a pedestrian on a street before it occurred, and he was advised to take a place of safety along the wall of a building, the fact that he was seized with a sudden panic when the crash came, and rushed into the building, where he was killed by a stone hurled through the window, will not render the persons exploding the blast liable.''

Although this case was decided by a divided court yet it is certainly in harmony with reason. To the same effect is *St. Peter* v. *Denison,* 58 N. Y., 416.

In the case before us plaintiff's intestate had full knowledge that the blast was about to be put off, and that he should keep out of danger. The rope, as we have before said, was stretched across Drury lane one hundred and ninety-five feet from the place of the blast. It was notice to all persons to keep beyond the rope. Furthermore, the people were cautioned by the policemen and firemen to keep outside of the ropes, and yet plaintiff's intestate with others, through curiosity, went under the rope on Drury lane and up the street for a distance of fifty-five feet nearer the wall where the blast was being put off, and while standing at that point was struck with the brick and killed. Had he been outside of the rope he would not have been struck. It was his own carelessness and recklessness that directly contributed to his death, and although defendants in error may have been guilty of creating a nuisance, yet they could not be held responsible for his death.

Something is claimed by counsel for plaintiff in error on the authority of *Railroad Company* v. *Kassen,* 49 Ohio State, 230. There is no evidence that defendants in error knew that young Moore was within the ropes before they caused the blast to be put off, hence that case does not apply. The court did right in directing a verdict for defendants below, and the judgment is affirmed.

---

### DECREE FOR SPECIFIC PERFORMANCE DENIED.