[Civ. No. 320. Fourth Appellate District.—December 10, 1930.]

MYRTLE GALLENTINE, Respondent, v. E. FIERRO, Appellant.

B. P. Gibbs, Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellant.

J. A. Chase and Leroy McCormick for Respondent.

WARMER, J., *pro tem.*—This case was tried without a jury. The court found in favor of the plaintiff and judgment was entered for $12,760. J. M. Gallentine and plaintiff were husband and wife. On the thirtieth day of November, 1929, while a passenger in the automobile of one George Harris, J. M. Gallentine was injured in a collision between the automobiles of the said Harris and the defendant and as a result of said injuries the said Gallentine died. The deceased and plaintiff had been married about thirty-five years. Deceased was fifty-nine years of age at the time of his death, a common laborer earning from $85 to $100 per month. The sole question presented on this

appeal is, did the court err in finding that defendant had been damaged in the sum of $12,760, which appellant claims to be excessive. Since the filing of the briefs on appeal the plaintiff, respondent herein, has filed a consent that the judgment may be reduced from $12,760 to $5,000. The question therefore now presented is, would a finding of damages in the sum of $5,000 be excessive. In *Zibbell* v. *Southern Pac. Ry. Co.*, 160 Cal. 237, at page 254 [116 Pac. 513, 520], the court says: "It has been decided by this court that the only means of discovering the existence of passion and prejudice as influencing a verdict is by comparing the amount of the verdict with the evidence before the trial court. To say that a verdict has been influenced by passion and prejudice is but another way of saying that the verdict exceeds any amount justified by the evidence."

Again in *Diller* v. *Northern California Power Co.*, 162 Cal. 531, 536 [Ann. Cas. 1913D, 908, 123 Pac. 359, 361], the court uses the following language: "In actions for injuries causing death the plaintiffs are, of course, limited in their recovery to the pecuniary loss suffered by them." (*Taylor* v. *Western Pac. R. Co.*, 45 Cal. 323; *Munro* v. *Dredging Co.*, 84 Cal. 515 [18 Am. St. Rep. 248, 24 Pac. 303].) Under the rule announced in *Dickinson* v. *Southern Pac. Co.*, 172 Cal. 727, at 730 [158 Pac. 183], the courts take judicial notice of mortality tables in common use. Appellants, by using the American experience table of mortality fix the life expectancy of J. M. Gallentine, the deceased, at 14½ years, and earnestly urge that under all the facts presented, the finding was excessive. In view of the consent to reduction of judgment filed herein, it would accomplish no useful purpose to determine that question. In the case at bar we cannot say that a judgment for $5,000 under all the circumstances in the case, is in any way disproportionate to the damage suffered.

The judgment will be reduced by consent of plaintiff, to the sum of $5,000, and as so modified, is affirmed.

Cary, P. J., and Marks, J., concurred.